IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE COMPANY, as Receiver for DORAL BANK<br>Plaintiff/Counter-Defendant<br>vs<br>MAPFRE PRAICO INSURANCE COMPANY OF PUERTO RICO; CONSTRUCTORA JAPIMEL INC.<br>Defendants/Counter-Claimants<br><br>MAPFRE PRAICO INSURANCE COMPANY OF PUERTO RICO<br>Third-Party Plaintiff<br>vs<br>ECHANDI GUZMAN & ASSOCIATES, INC.; EFRAIN ECHANDI OTERO; ACE INSURANCE COMPANY<br>Third-Party Defendants | CIVIL 18-1107CCC |

**OPINION AND ORDER**

This action for breach of contract, collection of monies and damages, which was initially filed in the Puerto Rico Court of First Instance, Carolina Part, was removed to this Court by the Federal Deposit Insurance Corporation (FDIC-R) in its capacity as Receiver for Doral Bank (Doral) on February 23, 2018 (d.e. 1). Before the Court now is the Motion to Remand filed by Constructora Japimel, Inc. (Japimel) on March 16, 2018 (**d.e. 5**), the Opposition filed by the FDIC-R on April 6, 2018 (d.e. 13), and the Reply to Opposition filed by Japimel on May 2, 2018 (d.e. 19).

A review of the relevant background follows. This action was initially filed by Doral against Japimel and MAPFRE PRAICO Insurance Company on October 2, 2009 in the Commonwealth court. The local court stayed the case on February 9, 2012 and referred it to arbitration, upon finding that the construction contract whose breach was being alleged by Doral was subject to an arbitration clause. On February 27, 2015, and while the action was still pending but stayed, Doral was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and the FDIC-R was appointed its receiver. On March 27, 2015, the FDIC-R sold the Doral loan to Bautista REO PR Corp. ("Bautista"). Bautista then moved on June 23, 2015 to substitute Doral as plaintiff, but the Commonwealth court determined on November 23, 2015 that the case remain stayed until the conclusion of the arbitration proceedings.

The Arbitration Panel started to request information from Bautista which it deemed irrelevant to arbitration. Bautista then resorted to the local court to have those requests annulled. It also reasserted on February 9, 2016 its request before the Commonwealth court to substitute Doral in the action. The local court, however, declared itself without jurisdiction to entertain Bautista's motions due to the pending arbitration proceedings. Bautista then attempted unsuccessfully to challenge the jurisdiction of the Arbitration Panel.

On February 23, 2018, the FDIC-R filed a Notice of Substitution in the Commonwealth court. On that same date, it removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1) (see d.e. 1).

Japimel has moved to remand claiming that the FDIC-R is no longer a real party in interest. Japimel presents two salient pieces of information: (1) when Doral was closed by the Office of the Commissioner of Financial Institutions of Puerto Rico and the FDIC-R was named as receiver, it filed an administrative claim before the FDIC-R pursuant to FIRREA's dispositions which the latter disallowed averring that the liability or obligation had been assumed by Bautista; and (2) in its Notice of Removal, FDIC-R expressly acknowledged that Bautista had "purchased the loan at issue from the FDIC-R, as receiver for Doral Bank, and as such became the real party in interest in this case" (see d.e. 1, p. 3). The FDIC-R, in opposing remand, clings to the fact that Doral remained a named party in the local case for Bautista had not been substituted in its stead. FDIC-R contends that this allows it to prosecute the state action on behalf of Doral and, thereafter, its removal to this forum.

We acknowledge that the plain language of section 12 U.S.C. § 1819(b)(2)(B), and applicable case law, state that actions involving state-law claims may be removed to federal court under section 1819(b)(2)(B) if the FDIC is a party at the time of removal. It is also true that some courts have considered that requiring FDIC to await state court approval of substitution before it can properly remove a case to federal court is an inefficient "procedural formality" that a federal court can overlook, because the state court is statutorily "compelled" to grant FDIC's substitution request. See generally Nolte Assoc., Inc. v. Hotel Gold Crown Champa, LLC, 2012 WL 32662, at *5 (D. Colo. January 6, 2012); F.D.I.C. v. N. Savannah Props., LLC, 686 F.3d 1254, 1259-60 (11th Cir. 2012) ("Because the failed institution

CIVIL 18-1107CCC					4

cease[s] to exist and vanishe[s] in a puff of smoke, the FDIC necessarily becomes a party to an action when it files a notice of substitution, and as a matter of federal law a state court does not have any discretion to deny substitution of the FDIC for a failed institution which no longer has a separate existence." (alterations in original) (citations and internal quotation marks omitted).  This, however, presupposes that the underlying substitution request triggering the FDIC's removal right was appropriate.  But here there is no such thing.  As correctly claimed by Japimel, the FDIC-R simply has no standing to remove **in 2018** a case that involves a credit facility (the Doral loan) that it had already sold to Bautista since **March 27, 2015** and which was no longer part of the assets of the failed institution (Doral Bank) at time of removal.  To find otherwise would stretch the FDIC-R's removal right far beyond anything intended by FIRREA's objectives and goals.

For the reasons stated, the Motion to Remand filed by Constructora Japimel, Inc. (**d.e. 5**) is GRANTED. Remand Order to follow.  FDIC's pending Motion to Dismiss (**d.e. 7**) is DENIED AS MOOT.

SO ORDERED.

At San Juan, Puerto Rico, on March 22, 2019.


S/CARMEN CONSUELO CEREZO
United States District Judge